**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3574
_____

FRANK NELLOM,
Appellant

v.

CLERK U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA; CLERK U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-06637)
District Judge: Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed April 15, 2026)
_____

OPINION*
_____

PER CURIAM

     Frank Nellom appeals pro se the District Court's order dismissing his complaint.

We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Nellom sued the Clerks of Courts for both the District Court and our Court. His complaint appears to allege he was unlawfully denied access to records pertaining to two of his cases, C.A. No. 23-3215 and C.A. No. 25-3026. The District Court granted Nellom leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it with prejudice for failure to state a claim. Attachments to Nellom's complaint indicated that he did not receive copies of his records because he had failed to respond to requests for account information. The District Court therefore concluded that there was no due process violation. The District Court also rejected Nellom's complaint to the extent it appeared to challenge previous decisions by this Court. Because amendment would have been futile, the District Court did not grant Nellom leave to amend his complaint. Nellom timely appealed.[1]

Even construing the complaint liberally, we find no factual allegations from which we can reasonably infer that Nellom has raised, or could raise, a plausible claim for relief. As the District Court explained, Nellom had a right to receive one free copy of his filings. *See* 28 U.S.C. § 1914 ("[*P*]*ro se* litigants[] and attorneys of record receive one free electronic copy . . . of all documents filed electronically, if receipt is required by law or directed by the filer."). However, the record shows—and Nellom does not dispute—that he never provided the District Court's Clerk with the requisite information to facilitate that access. Thus, Nellom's argument, that the Clerk's failure to provide his records was a violation of his constitutional rights, lacks merit.

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal. *See Dooley v. Wetzel*, 957 F.3d 366, 373 (3d Cir. 2020).

To the extent Nellom challenged the outcome of C.A. Nos. 23-3215 and 25-3026, a district court may not overrule a decision by a court of appeals. *See Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). To raise such a challenge, Nellom should have sought rehearing in our Court or a writ of certiorari in the United Sates Supreme Court, but he did neither.[2]

Accordingly, we will affirm the District Court's judgment.

---

[2] It is unclear how the arguments in Nellom's appellate brief, are related to the District Court's decision.